### GEO. W. EVANS *v.* W. H. MILLER & WIFE.

[Abstract Kentucky Law Reporter, Vol. 5—606, 609.]

**Right to an Easement.**
> Where a landowner agrees to the discontinuance of a public highway in consideration that he and his successors in the ownership of the land shall have a right of way out to a highway, the right can not be denied to him.

**Statute of Frauds.**
> A letter written by the party to be charged is sufficient to take a contract out of the statute of frauds.

APPEAL FROM GARRARD CIRCUIT COURT.

January 17, 1884.

OPINION BY JUDGE HARGIS:

The Garrard County Court in August, 1823, established a public road from the west end of Buford street in Lancaster to Buford Ford on Dix river. The appellant lives on this roadway about one mile from Lancaster. In 1861 by an act of the legislature so much of it as lay betwen his gate and Buford's Upper Ford was discontinued, leaving that portion from his gate to Lancaster open and in use of himself and the public. This was his only road to town. It was not used by many persons. It was used, however, by visitors of appellant, by him, another landowner who lived on it below him, and others named. In January, 1870, the appellant and M. C. Portman, who then held the legal title to a part of a tract of land known as the Jackson farm, lying adjacent to the portion of the old road not embraced by the legislative act of exclusion, made a verbal agreement that appellant in consideration of agreeing to a discontinuance of the remainder of the old road should have a passway over the Jackson farm to town, which was a somewhat nearer way than the old one. A few days afterwards appellant erected a gate leading into the passway and began its use and ceased to use the old road. Portman removed the fencing, placing it in the old road, thus enclosing the Jackson farm under one fence, which he was enabled to do by the discontinuance of that road. He made some delay about having the county court to make an order closing the old road and opening the passway for appellant, and the latter becoming uneasy wrote him a letter or two, saying unless the order was fixed he would have to open the old road. Portman answered by letter saying that he had had the right of way recorded. This was in September, 1870. On the 26th day of that month there was entered an order of the Garrard County Court reciting that the old road was discontinued "by consent of parties upon the condition that George Evans and those persons who now and may hereafter live on the Evans farm are to have a passway through the Jackson farm as follows, etc., describing it.

Portman says he don't remember writing Evans the letter but admits he gave him a paper granting him the right of way. This action was brought by Miller and wife, who is a daughter of Portman, against the appellant for trespass in laying down a fence erected in 1880 across the passway by Miller, and passing over the way as he had formerly done ever since Mrs. Miller's father granted

him the right of way. The appellant relied upon the facts stated in defense of the action. Miller and wife replied that she was the owner of the land over which the passway lays before her father granted it to appellant, and that the grant was void because not made in writing, and for each of these reasons appellant had no title or right to the passway. A brief answer to both points will be given.

1. The letter of Portman and county court order procured by him are sufficient to exempt the agreement from objection that it is within the statute of frauds. Although the letter is lost its contents are satisfactorily proved, and the fact that the evidence by which it is done is parol does not put the case within the statute which only requires that the contract or some memorandum thereof signed by party to be charged shall be in writing. It does not demand that evidence of the loss and contents of the writing shall also be in writing. The county court order is a contract of record between the parties, and whether it, without signature of Portman, would satisfy the statute need not be decided, as the letter written and signed by him reciting the substance of the agreement and that he had complied with it by having the county court make the order is sufficient to take the case out of the statute.

2. At and before the agreement was made and the county court order entered Portman was the legal, and so far as appellant's knowledge went, also the equitable owner of the land over which the passway was granted. He had instituted suit in Lincoln County Circuit Court as guardian of Mrs. Miller to sell an interest which she owned in lands lying in that county and reinvest the proceeds, which that court adjudged he might do. Her land in Lincoln was sold and the proceeds reinvested in the Jackson farm, but no part of that record gives the metes, bounds or description of the portion she was to have until after the county court order of 1870 was made, the deed to her not having been made until 1872. There was, therefore, no evidence of record, even if the suit had been in Garrard county, to put appellant upon constructive notice that Mrs. Miller had bought from her guardian, by her guardian through the instrumentality of a judgment in a suit to which he was no party, the land over which the guardian in his own right, and while the public registry records of Garrard county showed he was the owner

in fee simple, had granted the appellant a right of way for a valid and valuable consideration.

A record to uphold constructive notice must describe the land with such reasonable certainty as would inform a prudent person of its location and the owners of a recordable interest therein. The appellant, who did not have actual notice, was not bound by law to take notice of a suit in Lincoln county where the land was not situated, and in the absence of any description or identity of the land or lien upon it by the record. If so no innocent purchaser might be safe. His equity is higher than that of Mrs. Miller, for she is retaining the benefit of her father's agreement with appellant by keeping the advantages of the discontinuance of the old road and attempting to deny to him the use of the passway, which he became entitled to before notice of her ownership and in fact before she became the legal owner, and while her father and guardian was in actual possession in his own individual right with the legal title in himself. It is not necessary to put down in this opinion our siftings of the evidence. It is enough to say that it fully warrants the statement of the facts above made.

Wherefore the judgment is *reversed* and cause remanded with directions to dissolve the injunction and dismiss appellees' petition.

*Anderson & Herndon,* for appellant.

*W. O. Bradley,* for appellees.